**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**RANDY C. LINDSEY, #38871**                                    **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 4:05cv59WHB-AGN**

**EDMUND J. PHILLIPS, JR.**                                    **DEFENDANT**

<u>MEMORANDUM OPINION</u>

Upon further consideration of the records in this action, the court finds that an order was entered on April 15, 2005, denying the prisoner plaintiff's request to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(g)[1] and requiring plaintiff to pay the full filing fee of $250.00, within twenty days. The plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit. The plaintiff failed to comply with the order.

On May 27, 2005, an order was entered directing the plaintiff to show cause in writing, within fifteen days, why this case should not be dismissed for his failure to comply with the court's order of April 15, 2005. The plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit. The plaintiff failed to comply with the order.

The plaintiff has failed to comply with this court's orders of April 15, 2005 and May 27, 2005. The plaintiff does not meet the exception provisions of 28 U.S.C. § 1915(g), therefore this court cannot allow him to proceed <u>in forma pauperis</u>. <u>Banos v. O'Guin</u>, 144 F.3d 883, 884-85 (5th Cir.1998); <u>Choyce v. Domiguez</u>, 160 F.3d 1068 (5th Cir.1998). Since the plaintiff has failed to pay

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

the filing fee, thereby failing to comply with two court orders, this case will be dismissed. This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendant has never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 13th day of July, 2005.

                                      s/William H. Barbour, Jr.
                                      UNITED STATES DISTRICT JUDGE